Case 4:20-cv-02557 Document 19 Filed on 02/14/22 in TXSD Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
February 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Brenda Bernett Moffett, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-20-2557 |
| | § | |
| Kilolo Kijakazi,[1] | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Brenda Bernett Moffett appeals the Social Security Administration (SSA) Commissioner's final decision denying her application for social security benefits. ECF No. 1. Pending before the court is Plaintiff's Motion for Summary Judgment, ECF No. 15, and Defendant's Cross Motion for Summary Judgment, ECF No. 17. These motions are before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Having considered the motions, administrative record, and applicable law, the court recommends that the final decision of the Commissioner be affirmed.

---

[1] Kilolo Kijakazi is Acting Commissioner of the SSA and is automatically substituted as Defendant under Federal Rule of Civil Procedure 25(d). *See also* 42 U.S.C. § 405(g).

## 1. Procedural Posture and Background

Because the main issue before the court is whether previous findings by the Commissioner should have been treated as binding on the ALJ in this case, the court summarizes the Commissioner's actions on Moffett's earlier applications for benefits. Moffett was found disabled from March 22, 2008, to March 28, 2012. Tr. 127. She claimed at the end of that period that she remained disabled. Her application for continued benefits was denied on initial review, on reconsideration, and after a hearing by ALJ John D. Sullivan on March 6, 2014. Tr. 127–134. ALJ Sullivan decided that Moffett had experienced medical improvement and could perform sedentary work with some limitations. Tr. 130. She was thus not disabled from March 28, 2012, through March 6, 2014.

With respect to the decision under review in this case, Moffett applied for both disability insurance benefits and supplemental security income on October 27, 2017. Tr. 216–26. She alleged a disability onset date of January 1, 2009. Tr. 216, 221. The SSA denied Moffett's applications on May 21, 2018. Tr. 143–48. Moffett sought reconsideration on June 12, 2018. Tr. 150. The SSA denied the application for reconsideration on November 8, 2018. Tr. 151–54. Moffett requested a hearing, and Administrative Law Judge (ALJ) Kimani Eason held a hearing on October 8, 2019, in Houston, Texas. Tr. 30–51, 157–58.

At the hearing, ALJ Eason recognized that Moffett's alleged disability period overlapped with the periods alleged in the previous applications and asked why her application was not barred by *res judicata*. Tr. 33. In response, Moffett's counsel moved to amend her disability onset date to October 17, 2018. Tr. 33. Moffett was born on October 18, 1968, and was fifty years old on the amended alleged disability onset date. Tr. 35. Moffett graduated from high school. Tr. 35. Prior to filing for disability benefits, Moffett performed various jobs, but had not worked since 2008. Tr. 36, 237.[2]

The ALJ issued a decision on October 31, 2019, finding that Moffett was not disabled from October 17, 2018, the amended alleged disability onset date, through the date of his decision. Tr. 10–22. Moffett filed a request for review of the ALJ's decision on October 31, 2019. Tr. 1. On May 12, 2020, the Appeals Council denied Moffett's request for review. Tr. 1–3. Moffett timely filed a complaint and application to proceed in forma pauperis in federal court on July 15, 2020. *See Moffett v. Saul*, H-20-mc-2019, ECF No. 1 (S.D. Tex. July 17, 2020).

---

[2] As will be discussed below, Moffett now argues that the ALJ should have adopted as binding ALJ Sullivan's 2014 RFC finding that Moffett was limited to "sedentary" work. According to Moffett, a sedentary RFC combined with her age and other vocational considerations would lead to a conclusion that she is presumptively disabled under the Medical-Vocational Guidelines.

## 2. Hearing

At the hearing on October 8, 2019, the ALJ heard testimony from Moffett and a vocational expert (VE). Tr. 30–51. Moffett was represented by an attorney. Tr. 31–32. Before the hearing began, Moffett's attorney confirmed that the record was complete. Tr. 32. Moffett testified to her date of birth, graduation from high school, and lack of vocational or specialized job training. Tr. 35. Moffett also testified that she was not currently working. *Id.* The ALJ confirmed Moffett had not worked since her last application and found she had no past relevant work. Tr. 36–39.

About her medical history, Moffett testified that, after receiving chemotherapy, she suffered from pain throughout her body, especially in her back and knees. Tr. 39–40. Moffett also testified to being in pain during the hearing, specifically in her knees. Tr. 46. Moffett testified the onset of her back pain was rapid enough to prevent her from cleaning her home. Tr. 39. Moffett also testified to arthritis in her shoulders, elbows, fingers, and feet. Tr. 39.

Under examination by her attorney, Moffett testified that medication did not alleviate the pain. Tr. 47. Moffett also testified she was unable to go grocery shopping for herself, and daily self-care tasks such as dressing or bathing herself were difficult. Tr. 47–48. Moffett further testified that she had difficulty raising her arms but that she could lift a gallon of milk. Tr. 47. Moffett testified she had received warnings from a doctor about her weight. Tr. 48.

The VE confirmed that Moffett had no prior relevant work that qualified as substantial gainful activity. Tr. 40. The ALJ asked the VE what work a hypothetical individual of the same age, education, and vocational history as Moffett could perform if limited to light work with the following additional limitations:

> There [are] no limitations in sitting or standing, however, there is a limitation to walking. The individual cannot walk more than two hours in a eight-hour work day. Hypothetical individual can occasionally climb ramps and stairs, but never climb ladders, ropes and scaffolds. Hypothetical individual can occasionally balance, stoop, kneel, crouch, and crawl. Furthermore[,] the hypothetical individual can have no more than occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, smoke, and poorly ventilated areas. The hypothetical individual can never work at unprotected heights or around dangerous moving machinery. The hypothetical individual can understand, remember, and carry out simple, multistep instructions in a work environment free of fast paced production requirements.

Tr. 41–42. The VE testified that such an individual would be able to work as a ticket seller, small products assembler, or office helper. Tr. 42. In response to an altered hypothetical by the ALJ, the VE confirmed that at the sedentary exertional level "the grids will apply" and Moffett would be disabled by definition. Tr. 43.

Moffet's attorney cross-examined the VE. Tr. 43–44. Under cross-examination the VE testified that the walking limitation proposed by the ALJ did not lead to a sedentary classification, but limiting the individual to only occasionally lifting ten pounds would lead to a sedentary classification. Tr. 44. Moffett's attorney also asked the VE if a person would be competitive in the national economy if they

5

would miss work twice a month on a consistent basis or if they needed two extra fifteen-minute breaks in addition to regular breaks. *Id.* The VE testified that neither person would be competitive for work in the national economy. *Id.*

The ALJ asked the VE about whether her testimony contradicted the Dictionary of Occupational Titles' (DOT) requirement that the light exertional level required the ability to stand for six hours. Tr. 44. The VE testified that in the DOT there are "three levels of light." Tr. 45. The VE explained that her testimony was based on the entirety of her professional experience, which included hiring office helpers and those performing small products assembly jobs. Tr. 45.

The ALJ issued his decision on October 31, 2019, finding that Moffett was not disabled from October 17, 2018, the amended alleged onset of disability, through the date of the decision. Tr. 10–22.

### 3. Legal Standards

The Social Security Act provides disability insurance benefits to individuals with physical and mental disabilities who have contributed to the program and provides supplemental security income to individuals with physical and mental disabilities who have limited income and resources. *See* 42 U.S.C. §§ 423, 1382. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has

6

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. *See Schofield v. Saul*, 950 F.3d 315, 317 (5th Cir. 2020); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2018). The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. *See Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). A finding that the claimant is disabled or not disabled at any point in the five-step review terminates the analysis. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2018).

This court's review of the ALJ's disability determination is "highly deferential," and the court asks "only whether substantial evidence supports the decision and whether the correct legal standards were employed." *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (citations omitted). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016)). "Substantial evidence is 'more than a mere scintilla but less than a preponderance.'" *Id.* (quoting *Williams v. Admin. Rev. Bd.*, 376 F.3d 471, 476 (5th Cir. 2004)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting

7

*Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The reviewing court must scrutinize the record to determine whether substantial evidence supports the ALJ's decision. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

### 4. Analysis of the ALJ's Determination

### A. Step One

At step one, the ALJ must determine whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2018). A person engaged in substantial gainful activity is not disabled, regardless of her medical condition, age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b) (2018).

The ALJ correctly found that Moffett had not engaged in substantial gainful activity since the amended alleged disability onset date. Tr. 20.

### B. Step Two

At step two, the ALJ determines whether any of the claimant's impairments are severe and have lasted or are expected to last a continuous period of at least twelve months. 20 C.F.R. § 404.1520(a)(4)(ii) (2018) (citing 20 C.F.R. § 404.1509 (2018)); 20 C.F.R. § 416.920(a)(4)(ii) (2018) (citing 20 C.F.R. § 416.909 (2018)). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c) (2018). An impairment is *not* severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the

8

individual's ability to work, irrespective of age, education or work experience." *Salmond*, 892 F.3d at 817 (emphasis omitted) *(quoting Loza v. Apfel,* 219 F.3d 378, 391 (5th Cir. 2000)) (stating word for word the standard articulated in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)); *see also* SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985) (stating that an impairment is not severe "when medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered").

The ALJ found that Moffett had the following severe impairments: "morbid obesity, degenerative joint disease of the bilateral knees, hypertension, and anxiety." Tr. 13. The ALJ found Moffett's asthma, insomnia, gastroesophageal reflux disease, bronchitis, spinal disorder, and history of malignant neoplasm of the breast were nonsevere impairments. Tr. 13. He based this finding on the lack of interference with the ability to do basic work activities, lack of treatment, or because the impairment had not lasted the requisite 12 months. *Id.* The ALJ provided proper support for his findings on severity from the record. *Id.* Because the ALJ applied the correct standard to the appropriate parts of the record, there was no error. Moffett does not dispute these findings.

## C. Step Three

At step three, the ALJ determines if any of the claimant's severe impairments meets or equals a listed impairment in appendix 1 (Listing). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2018); *see also* 20 C.F.R. Part 404, Subpt. P, App'x 1 (2018). If all the criteria of a Listing are met or equaled, the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d) (2018); *Whitehead*, 820 F.3d at 780–81.

The ALJ found that Moffett's impairments or combination of impairments did not meet or medically equal the severity of an impairment defined in the Listing. Tr. 14–15. The ALJ appropriately considered Listing sections 1.02A (major dysfunction of a joint) and 12.06 (anxiety and obsessive-compulsive disorders). Tr. 14. The ALJ correctly found Listing 1.02A was not met because there was no evidence that Moffett could not ambulate effectively. *Id.* The ALJ also analyzed the four broad areas of mental functioning for Listing 12.06 and appropriately found that Moffett had no more than mild or moderate limitations. Tr. 14–15.

The court's review of the record shows that substantial evidence supports the ALJ's step three findings. Moffett does not dispute these findings.

## D. Residual Functional Capacity

Before reaching the final two steps, the ALJ must assess the claimant's RFC "based on all the relevant medical and other evidence in [the] case record[.]" 20 C.F.R. §§ 404.1520(e), 416.920(e) (2018); *see Perez*, 415 F.3d at 461–62 (citing

10

20 C.F.R. § 404.1545(a)(1)); 20 C.F.R. § 416.945(a)(1) (2018); SSR 96-8p, 1996 WL 374184, at *2–3, 5 (July 2, 1996). An RFC assessment is a determination of the most a claimant can do despite all physical and mental limitations. *Perez*, 415 F.3d at 461–62 (citing 20 C.F.R. § 404.1545(a)(1)); 20 C.F.R. § 416.945(a)(1) (2018); SSR 96-8p, 1996 WL 374184, at *2, 4 (July 2, 1996). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). The RFC determination is solely the responsibility of the ALJ. *See Taylor v. Astrue,* 706 F.3d 600, 602–03 (5th Cir. 2012); *see also* 20 C.F.R. § 404.1520b(c)(3) (2018); 20 C.F.R. § 416.920b(c)(3) (2018).

The ALJ determined that Moffett could perform light work with the following limitations:

> There are no limitations in sitting or standing. The claimant is limited to walking 2 hours in an 8-hour workday. The claimant can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant can have no more than occasional exposure to pulmonary irritants such as fumes, odors, dust, gases, smoke, and poorly ventilated areas. The claimant can never work at unprotected heights or around dangerous moving machinery. The claimant can understand, remember and carryout simple, multistep instructions in a work environment free of fast paced production requirements.

Tr. 16.

In determining Moffett's RFC, the ALJ considered Moffett's subjective complaints. Tr. 16–17. The ALJ also examined Moffett's self-reported activity level since the amended alleged onset date. Tr. 17. Moffett reported to a doctor in 2019 that she spent five to seven hours a day seated for personal activities, two to four hours a week in low intensity activities, two to four hours a week performing moderate intensity activities, and two to four hours a week "performing intense activities such as jogging to the gym, swimming, or jogging." Tr. 1032. The ALJ also considered a functional report provided by Moffett's friend Mr. Tolliver. Tr. 16–17 (citing Tr. 264–271).

The ALJ concluded about Moffett's subjective complaints of pain that her medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements, as well as Mr. Tolliver's reports, concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 17; *cf.* SSR 16-3p, 2017 WL 5180304, at 7–8 (revised Oct. 25, 2017) (listing factors the ALJ should consider in evaluating pain); 20 C.F.R. §§ 404.1520c(d), 416.920c(d) (2018) (stating the ALJ is not required to articulate how he considered a report such as Mr. Tolliver's). The ALJ appropriately considered the medical records as evidence of inconsistency with Moffett's testimony and Tolliver's function report. Tr. 17.

The ALJ then considered at length the medical evidence from the relevant period. Tr. 17–18. The ALJ cited imaging studies of Moffett's right knee from 2017 showing only mild osteoarthritis and a 2018 imaging study of her left knee showing multi-compartment degeneration. Tr. 17 (citing Tr. 934, 932). The ALJ pointed to a January 2019 doctor's office visit where Moffett reported only body aches related to a cold. *Id.* (citing Tr. 1042). The ALJ also cited a July 2019 visit to an arthritis and osteoporosis clinic where she was "in no acute distress." *Id.* (citing Tr. 1099–1103). The ALJ also thoroughly discussed an October 2018 consultative examination ordered due to inconsistency between Moffett's allegations of pain and the existing medical records from the period which found "some limitations on bending, stopping, crouching, and squatting due to pain." Tr. 18 (citing Tr. 889–904). Finally, the ALJ appropriately considered the state agency medical consultant reports which found Moffett was capable of light exertional work with no postural limitations. Tr. 18 (citing Tr. 52–79, 82–121). These records support the ALJ's RFC determination. There is no error.

Moffett does not challenge whether the RFC is based on substantial evidence. Her sole argument is that the ALJ erred as a matter of law by not regarding as binding ALJ Sullivan's 2014 RFC determination that she is limited to "sedentary" work. ECF No. 16 at 6–11. As Moffett summarizes in her reply, "Plaintiff seeks review because the ALJ failed to explain why *res judicata* did not bar the agency from

13

reaching an inconsistent result in the instant proceeding based on evidence weighed in the earlier proceeding." ECF No. 18 at 2. The glaring problem with Moffett's argument is that the ALJ did not reweigh evidence already weighed by ALJ Sullivan. ALJ Eason weighed only evidence that pertained to the amended disability period, which began approximately four years after the disability period under ALJ Sullivan's consideration.

Moffett's citations to *Lively v. Sec'y of Health & Human Servs.*, 820 F.3d 1391 (4th Cir. 1987) and *Shelton v. Astrue*, 2011 WL 1234910 (E.D.Tx. January 21, 2011) are inapplicable to this case. Both *Lively* and *Shelton* concerned a claimant with two nearly identical or identical disability periods. *See Lively*, 820 F.2d at 1392 (identifying that the two applications were separated by "just several weeks"); *see also Shelton*, 2011 WL 1234910, at *5 (discussing contrary ALJ findings for an identical period and citing *Lively*). Here, in contrast, Moffett amended the onset of her disability to create a gap of over four years between the prior ALJ's RFC and the new disability onset date. Tr. 33. "[A] claimant's condition very likely remains unchanged within a discrete two-week period, we would grow ever less confident as the timeframe expands." *Albright v. Commissioner of Soc. Sec. Admin.*, 174 F.3d 473, 477 (4th Cir. 1999) (discussing the application of *Lively*).[3]

---

[3] Moffett's other cited authority is not persuasive. *See* ECF No. 16 at 7. *Drummond* refers to a claimant with an immediately successive claim. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 846 (6th Cir. 1997). *Chavez* discusses a DIB claim of continuing disability one year after a closed period of disability with no new evidence.

14

Other courts have found that *Lively* is not applicable to cases like Moffett's. *See Rucker v. Chatter,* 92 F.3d 492, 495 (7th Cir. 1996) (distinguishing *Lively* because "[claimant's] two applications, by contrast, were four years apart. Given this interval, different conclusions about [claimant's] RFC are entirely plausible."); *see also Hardy v. Chater,* 64 F.3d 405, 407 (8th Cir. 1995) (finding *Lively* unpersuasive where a second ALJ came to a different determination due to different evidence in the record). Here, the ALJ correctly made a new RFC determination based on medical and other evidence developed during the relevant period. He did not err by not treating the 2014 RFC determination as binding.

The only question before the court is whether there is substantial evidence to support the ALJ's finding that, during the alleged period of disability, Moffett was capable of light work with other limitations recited in the RFC. There is. As discussed above, the ALJ appropriately limited in his review of the record to the relevant period for this claim. The ALJ's discussion of the RFC is four pages long and contains 32 citations to various parts of the record from the relevant period for this claim. Tr. 16–20. Moffett seeks to have this court re-weigh the evidence and formulate a different RFC. That is not appropriate on review in federal court.

---

*Chavez v. Brown,* 844 F.2d 691, 693 (9th. Cir. 1988). *Clark* concerns a pro se claimant where the record was not adequately developed and the disability onset date was alleged to be the same date in each claim. *Clark v. United States Comm'r of Soc. Sec.,* 2015 WL 6692259, at *1–2 (W.D.La. Sept. 9, 2015).

There is also nothing to suggest the ALJ failed in his duty to develop the record. When an ALJ makes "an informed decision based on sufficient facts[,]'" the ALJ fulfills the duty to develop the record. *Brown v. Saul,* 858 F. App'x 711, 713 (5th Cir. 2021) (quoting *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). The ALJ properly considered Moffett's testimony against the medical records. Tr. 16–20. Moffett's attorney offered no additional evidence, did not object to any exhibits, and agreed the record was complete at the hearing. Tr. 32. Moffett does not explain what further development of the record would have uncovered.

### E. Step Four

At step four, the ALJ determines whether the claimant can perform jobs she previously worked by comparing the RFC determination with the demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2018); *see also Perez*, 415 F.3d at 462. If a claimant has no past relevant work, the ALJ will proceed to step five. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1) (2018). The ALJ appropriately determined that Moffett had no past relevant work and proceeded to step five. Tr. 20, 39; *see also* 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1) (2018).

### F. Step Five

At step five, the ALJ determines whether the claimant can perform any other work by considering the claimant's RFC and other factors, including age, education, and past work experience. *Schofield,* 950 F.3d at 318 (quoting 20 C.F.R. § 404.1520(a)(4)(v)); *see also* 20 C.F.R. § 416.920(a)(4)(v) (2018). If the claimant

can perform other work available in the national economy, the claimant is not disabled. *Schofield*, 950 F.3d at 318 (citing 20 C.F.R. § 404.1520(g)); *see also* 20 C.F.R. § 416.920(g)(1) (2018).

The ALJ found that Moffett could perform jobs that exist in significant numbers in the national economy. Tr. 20–21. The ALJ relied on the hearing testimony of the VE that an individual of Moffett's age, education, and RFC would be able to work as a ticket seller, small products assembler, and office helper. Tr. 21. The ALJ added that he found the VE's testimony persuasive despite inconsistencies with the DOT due to her "years of vocational experience, education, training and observation." Tr. 21, 44-45. Moffett's attorney cross-examined the VE. Tr. 43-44.

Because the VE's testimony was based on a hypothetical question that incorporated all the limitations reasonably recognized by the ALJ and the VE was cross examined, the VE's testimony is substantial evidence supporting the ALJ's step-five determination. *See Masterson v. Barnhart*, 309 F.3d 267, 273–74 (5th Cir. 2002) (holding that the ALJ properly relied on the VE's testimony because the ALJ "scrupulously incorporated" all the limitations "supported by the evidence and recognized by the ALJ" and gave an opportunity for cross-examination).

The court's review of the administrative record reveals that the ALJ employed the correct legal rules and that the findings at each of the five steps were supported by substantial evidence.

## 5. Conclusion

The ALJ's decision denying social security benefits is consistent with the law and supported by substantial evidence. There is no genuine issue of material fact, and summary judgment is appropriate. Fed. R. Civ. P. 56(a), (c). Accordingly, the court recommends that Defendant's motion for summary judgment be granted and Plaintiff's motion for summary judgment be denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on February  14 , 2022.

_____
Peter Bray
United States Magistrate Judge